Filed 2/20/14  P. v. Avakyan CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>HARRY AVAKYAN,<br><br>　　　Defendant and Appellant. | B250746<br><br>(Los Angeles County<br>Super. Ct. No. BA331416) |

APPEAL from an order of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Harry Avakyan, appeals from the trial court's order denying his motion for additional pre-sentence custody credits.[1]  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Following a jury trial, Avakyan was found guilty of leaving the scene of an accident and multiple counts of felony drunk driving.  On direct appeal, this court found a number of errors, including that Avakyan had been awarded an excessive number of pre-sentence custody credits.  (*People v. Avakyan* (Nov. 8, 2010, B218926 [nonpub. opn.].).)  This court, accordingly, ordered the trial court to reduce Avakyan's custody credits pursuant to Penal Code section 2933.1 and to forward an amended abstract of judgment to the Department of Corrections.  (*People v. Avakyan, supra*, B218926.)  At proceedings held on January 28, 2011, the trial court re-sentenced Avakyan and modified the number of his credits.

At proceedings held on April 4, 2013, the trial court prepared a minute order indicating it had "read and considered the correspondence from the Department of Corrections regarding the defendant's custody credits awarded on re-sentencing [on January 28, 2011]."  The trial court also indicated it had reviewed the court file from the matter and the applicable court rules.  The trial court then ordered that "the minute order of [January 28, 2011] be amended, nunc pro tunc, to reflect a total of 684 days [of] custody credits (595 actual days plus 89 good time/work time days).  [¶]  [The] [c]ourt further order[ed] that an amended abstract of judgment be prepared and forwarded to the Department of Corrections."

On June 13, 2013, Avakyan, acting in propria persona, filed in the trial court an "Emergency Motion to Correct [the] Abstract of Judgment to Reflect Pre-Sentence In-Custody Credits Pursuant to *People v. Brown*[] (2012) 54 Cal.4th 314."[2]  On July 16,

---

[1]    A defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."  (Pen. Code, § 1237, subd. (b).)

[2]    In *People v. Brown* (2012*)* 54 Cal.4th 314 at page 323, the court determined the amended Penal Code section 4019, which increased the number of pre-sentence custody

2013, the trial court issued a minute order indicating it had read and considered Avakyan's motion and had reviewed the court file. The trial court then denied the motion.

On August 14, 2013, Avakyan filed a timely notice of appeal.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed November 27, 2013, the clerk of this court advised Avakyan to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

---

credits available to inmates in some instances, applied prospectively only. Moreover, Avakyan was not eligible for additional pre-sentence credits as he had been convicted of a serious felony in that he had inflicted great bodily injury on at least one of the victims. (See Pen. Code, § 12022.7, subd. (a); § 1192.7, subd. (c)(8); § 667.5, subd. (c); § 2933.1, subd. (a).)

**DISPOSITION**

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:


KLEIN, P. J.


KITCHING, J.